## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| CHRISTOPHER LOWRY, | ) | CASE NO. 4:12-cv-00816 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | MAGISTRATE GEORGE J. LIMBERT |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | **DEFENDANT JPMORGAN CHASE** |
| | ) | **BANK, N.A.'S MOTION TO** |
| Defendants. | ) | **COMPEL ARBITRATION, STAY** |
| | ) | **COURT PROCEEDINGS AND** |
| | ) | **DISMISS CLASS CLAIMS** |

Plaintiff Christopher Lowry's ("Plaintiff") claims must be submitted to arbitration pursuant to his agreement with Defendant JPMorgan Chase Bank, N.A. ("Chase"). In pursuing his Complaint against Defendant, Plaintiff ignores his express contractual commitment to resolve all disputes with Chase through binding arbitration, and his waiver of the right to pursue a class action. Arbitration agreements, including those containing class waivers, are strongly favored and liberally enforced as the United States Supreme Court recently held in *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011). Since all of Plaintiff's claims fall within the scope of the parties' arbitration agreement, this Court should issue an Order

requiring Plaintiff to submit his claims to binding arbitration before the American Arbitration Association ("AAA").

Plaintiff also contractually agreed not to pursue or participate in any class action. Chase therefore requests that this Court dismiss, with prejudice, Plaintiff's class action allegations prior to referring Plaintiff's individual claim to arbitration.

Finally, the entire action should be dismissed as all claims are subject to arbitration or dismissal. Alternatively, a stay of this proceeding, including all discovery, should be issued until the arbitration is completed, at which time all claims must be dismissed.

## I. FACTS

On August 1, 2011, Plaintiff entered into a Promissory Note and Security Agreement (the "Loan Agreement") with Chase for the purpose of purchasing an automobile. See Exhibit "1." *See also* Complaint, ¶ 35 (referring to the Loan Agreement as the "Greenwood Sales Order Form").

The Loan Agreement executed by Plaintiff contains an "AGREEMENT TO ARBITRATE DISPUTES" ("Arbitration Agreement") on the second page, which is captioned in bold print with capital letters, and outlined by a box. Exhibit 1., p.2. It states in pertinent part that:

> 1. IF EITHER OF US CHOOSES, ANY CLAIM OR DISPUTE BETWEEN US (AS DEFINED BELOW) WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL.

The Arbitration Agreement also includes the following class action waiver:

> 2. IF EITHER OF US CHOOSES TO ARBITRATE, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS OR OTHER REPRESENTATIVE ON BEHALF OF OTHER PERSONS OR AS A CLASS MEMBER OR OTHER REPRESENTED PERSON ON ANY CLASS CLAIM OR OTHER REPRESENTATIVE TYPE OF CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS OR OTHER

> REPRESENTATIVE ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
>
> The Arbitration Agreement broadly defines "any claim or dispute between us" as:
>
> any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, this [Loan Agreement] or any resulting transaction or relationship (including any relationship with third parties who do not sign this [Loan Agreement]) shall, at your or our election, be resolved by neutral, binding arbitration and not by court action."

*Id*. (emphasis in original).

In his Complaint, Plaintiff asserts four causes of action, all arising out of or relating to his Loan Agreement. Plaintiff alleges that improper fees were assessed in connection with his loan (Complaint, ¶¶4-8, 25), he was charged an inflated interest rate/"interest spread premium" (¶¶9, 13, 22), and illegal kickbacks were paid with regard to his loan. (¶¶14, 77). Plaintiff alleges that this conduct violated the Clayton Act, 15 U.S.C. §13, as well as state statute, and was also a "breach of agency."

In addition to his individual claims, Plaintiff brings claims on behalf of a putative class consisting of all U.S. residents who purchased a vehicle from an Ohio motor vehicle dealer, which purchase and sale was financed by Chase. (Complaint, ¶239).

## II. LAW AND ARGUMENT

### A. *Arbitration is Strongly Favored under the Law.*

The Arbitration Agreement between Plaintiff and Chase is expressly governed by the Federal Arbitration Act ("FAA"),[1] which provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and

---

[1] (Exh. 1, ¶2, last sentence).

3

>enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA reflects the "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary," and its effect "is to create a body of federal substantive law of arbitrability." *Moses H. Cone Mem. Hosp. v Mercury Constn. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927 (1983). *Accord, Fazio v. Lehman Bros., Inc.*, 340 F. 3d 386, 396 (6th Cir. 2001). *See also, e.g., Concepcion, supra*, at ——, 131 S.Ct., at 1745; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Thus, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . .". *Moses H. Cone*, 460 U.S. at 24-25.

The FAA requires courts to "rigorously enforce" agreements to arbitrate according to their terms. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Under the FAA, "parties [to any arbitration agreement] are generally free to structure their arbitration agreements as they see fit," and may "specify by contract the rules under which the arbitration will be conducted." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469, 109 S. Ct. 1248 (1989).

The FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp. – Alabama v. Randolph*, 531 U.S. 79, 91, 121 S. Ct. 513 (2000) (citations omitted). *See also*, *Gilmer*, 500 U.S. at 26. If the parties have agreed to arbitrate, the court is required to order the parties to proceed to arbitration in

4

accordance with the terms of the arbitration agreement. *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635, 637 (9th Cir.), *cert. den.*, 469 U.S. 1061, 105 S. Ct. 544 (1984).

**B.**     ***The Court's Analysis of Relevant Factors Requires That Arbitration be Compelled***

Under the FAA, a district court has four tasks when considering a motion to compel arbitration:

> [F]irst, it must determine whether the parties agree to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Fazio,* 340 F.3d at 392 (*citation omitted*). Application of these factors here establishes that Plaintiff's claims must be arbitrated.

**1.**     ***The Parties Agreed to Arbitrate.***

The Loan Agreement Plaintiff executed contains an Arbitration Agreement. Plaintiff acknowledges in his Complaint that he executed the Loan Agreement and that it contained an Arbitration Agreement. (Complaint, ¶¶ 35, 256). Thus, the first factor in the arbitrability analysis has been met. *See, e.g., Hagy v. Demers & Adams, LLC*, 2012 WL 359577, *3 (N.D. Ohio Feb. 2, 2012) (finding no dispute as to an agreement to arbitrate where plaintiff did not allege that they did not read the document, did not willingly sign the document, or that they were deceived into signing something other than a contract containing an arbitration agreement).

**2.**     ***Plaintiff's Claims Fall Under the Broad Scope of the Arbitration Agreement.***

The claims raised by Plaintiff plainly fall within the scope of his Arbitration Agreement, which broadly provides that it covers "any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the

claim or dispute), between [Plaintiff and Chase], which arise out of or relate to your credit application, this [Loan Agreement] or any resulting transaction or relationship (including any relationship with third parties who do not sign this [Loan Agreement…"]. Exh. "1," p.2, first unnumbered paragraph.

>As recently held by this Court:
>
>Where the arbitration clause is broad, only an express provision excluding a specific dispute, or the most forceful evidence of a purpose to exclude the claim from arbitration will remove the dispute from consideration by the arbitrators.

*Summa Emergency Associations, Inc. v. Emergency Physicians Insurance Co.*, 2012 WL 369464 (N.D. Ohio Feb. 3, 2012), quoting H*ighlands Wellmont Health Network, Inv. v. John Deere Health Plan, Inc.,* 350 F.3d 568, 577 (6th Cir. 2003) (internal quotations omitted). Chief Judge Dlott of the United States District Court for the Southern District of Ohio recently confirmed this presumption of arbitrability, quoting the Sixth Circuit in *Masco Corp. v. Zurich Am. Ins. Co.*:

>Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement. As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. There is a general presumption of arbitrability, and any doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

*Love v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 2012 WL 1698159 (S.D. Ohio May 15, 2012), quoting *Masco*, 382 F.3d 624, 627 (6th Cir. 2004) (internal citations and quotations omitted). In *Love*, the court held that language covering "any controversy" arising between the parties could be interpreted and enforced broadly to include any dispute between them.

Here, all of the allegations in the Complaint relate directly to and arise solely out of the relationship between Chase and Plaintiff, and more directly, the transaction that was the subject

of the Loan Agreement. Thus, all of Plaintiff's claims fall within the scope of and are covered by the Arbitration Agreement.

### 3. *Plaintiff's Antitrust Claims Are Arbitrable.*

The third factor requires an analysis of whether the federal statutory claim asserted was intended to be non-arbitrable. Generally, arbitration agreements must be enforced even when the claims at issue are federal statutory claims, unless the FAA's mandate has been "overridden by a contrary congressional command." *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). *See also Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). Such a congressional command must be <u>clear and express</u>. *Compucredit Corp. v. Greenwood*, 132 S.Ct. 665, 673 (2012). *See also Hagy*, 2012 WL 359577 at * 6 ("the third step in the inquiry … is whether, when it created the statutory cause of action, Congress expressed the intent that the claim be pursued only through the Courts.").

Plaintiff asserts one federal claim, an antitrust claim under the Clayton Act, 15 U.S.C. §13. (Complaint, ¶¶129-191). However, there is nothing in the Clayton Act itself prohibiting arbitration and, indeed, claims under the Clayton Act (and the Sherman Act) have been held arbitrable by the United States Supreme Court. *See Mitsubishi Motors Corp. v. Soler-Chrysler-Plymouth, Inc.,* 473 U.S.C. 614, 105 S.Ct. 3346, 3357 (1985). *Accord, CompuCredit Corp. v. Greenwood,* 1325 S.Ct. 665, 132 S.Ct. 665,671 (2012); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 28, 111 S.Ct. 1647, 1652, 114 L.Ed.2d 26 (1991) ("claims under [the Sherman Act] are appropriate for arbitration").

There are no claims asserted by Plaintiff that are not subject to arbitration. Since all of Plaintiff's claims clearly fall within the scope of the Arbitration Agreement, they must be arbitrated.

### C. *Plaintiff May Not Pursue A Class Action.*

The Court should dismiss Plaintiff's class claim and direct that the arbitration is to be conducted as an individual arbitration only, in accordance with the Arbitration Agreement. Plaintiff expressly agreed that if either he or Chase chose to arbitrate, he would not be entitled to bring class claims.

Last year, the United States Supreme Court upheld the validity of arbitration agreements containing class action waivers. *Concepcion*, 131 S.Ct. at 1753. The Court found that the FAA preempts any state law that would find arbitration agreements containing a class action waiver unconscionable. *Id.* at 1747. "[C]ourts must place arbitration agreements on equal footing with other contracts, and enforce them according to their terms." *Id.* at 1745 (*internal citations omitted*).

Since the *Concepcion* decision, numerous courts of appeal have upheld class waivers, based on the "broad and clear" holding of *Concepcion. Litman v. Cellco Partnership,* 655 F.3d 225, 231 (3d Cir. 2011). Any argument that claims "cannot be vindicated because they are worth much less than the cost of litigating them" has been rejected by *Concepcion. Coneff v. AT&T Corp.,* 2012 WL 887598, *3 (9th Cir. Mar. 16, 2012). As recently stated by the Ninth Circuit, the holding in *Concepcion* applies not only to low dollar state law claims but also to federal claims (such as antitrust) where the cost to prosecute the claim might be prohibitive to a single plaintiff, or where the plaintiff would lack incentive to prosecute the claim absent the class mechanism. *Id*. at *2-4. *See also Cruz v. Cingular Wireless, LLC,* 648 F.3d 1205, 1212

(11th Cir. 2011) (rules favoring class actions on the basis that certain actions might not be prosecuted absent a class mechanism are preempted by the FAA); *In re Apple & AT & TM Antitrust Litigation*, F.Supp.2d __, 2011 WL 6018401, *4 (N.D. Cal. Dec. 1, 2011) (finding that antitrust claims are clearly arbitrable, and rejecting the argument that a class action waiver in an arbitration agreement provided defendants with "de facto immunity" from antitrust liability).

Here, Plaintiff signed an Arbitration Agreement unambiguously waiving his right to "participate as a class or other representative on behalf of other persons or as a class member or other represented person on any class claim or other representative type of claim you may have against us…"  Therefore, Plaintiff's class action allegations fail to state a claim upon which relief can be granted.  This Court should dismiss Plaintiff's class action claims *with prejudice*.

### D.     *This Action Should Be Dismissed or, Alternatively, Stayed Pending the Arbitration.*

Under the Arbitration Agreement, only individual claims are arbitrable and class claims have been waived.  Therefore, all of Plaintiff's claims must be arbitrated on an individual basis, and the class claims must be dismissed.  The FAA mandates that courts stay all proceedings pending completion of arbitration.  See  9 U.S.C. § 3.  When presented with claims covered by an arbitration clause, the court "***shall*** stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement…" *Summa*, 2012 WL 369464 at *4 (emphasis in original).  To require Chase to proceed further with this litigation would defeat the very purpose underlying the FAA.  *McGinnis v. E.F. Hutton and Co., Inc.* (6th Cir.), 812 F.2d 1011, 1015, *cert. den.* 484 U.S. 824, 108 S. Ct. 87 (1987) .  *See also*, *Concepcion,* 131 S.Ct. at 1748-49.

However, the Court has discretion to dismiss actions in which all claims are referred to arbitration.  *See Love, supra* at *4, citing *Hensel v. Cargill, Inc*., No. 99-3199, 1999 WL

9

993775, at *4 (6th Cir. Oct. 19, 1999). Because all claims in this action must be either dismissed or arbitrated, this Court should dismiss the action without prejudice as to the arbitrable claims. In the alternative, the action should be stayed pending arbitration between the parties.

## IV. CONCLUSION

By the terms of the Loan Agreement he executed, Plaintiff agreed to arbitrate his disputes with Chase. Therefore, he should be compelled to arbitrate the claims set forth in his Complaint. To hold otherwise would deprive Chase of the benefit of its bargain and rewrite the Loan Agreement. Further, pursuant to the express terms of the Arbitration Agreement Plaintiff signed, Chase requests that this Court dismiss Plaintiff's class claims. Finally, this action should be dismissed in its entirety as all claims are subject to arbitration or dismissal. Alternatively, the action, including all discovery, should be immediately stayed in order to effectuate the Arbitration Agreement in the Loan Agreement.

Respectfully submitted,

*/s/ James S. Wertheim*
James S. Wertheim (0029464)
Maria Candace Burnette (0088507)
**McGlinchey Stafford PLLC**
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Phone: (216) 378-9905
Fax: (216) 378-9910
jwertheim@mcglinchey.com
cburnette@mcglinchey.com

*Counsel for Defendant*
*JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Defendant JPMorgan Chase Bank, N.A.'s Motion to Compel Arbitration, Stay Court Proceedings and Dismiss Class Claims* was filed on May 30, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ James S. Wertheim*
James S. Wertheim

611672.6